FRANKLIN M. CARROLL *vs.* OLIVER C. ROGERS & another.

A notice of the intention of one who has been arrested on execution to take the oath for the relief of poor debtors may be served in another county than that in which the arrest was made; and, if such notice is served upon the creditor's attorney, under the provisions of Gen. Sts. *c.* 124, § 13, the time for travel is to be computed from the place of service, and not from the attorney's residence.

CONTRACT on a recognizance dated January 21, 1861, taken before a magistrate of Middlesex county, under Gen. Sts. *c.* 124, § 10, with condition that the defendant Rogers, who had been arrested on an execution in favor of the plaintiff, should within

---

[*] Before this decision was announced, the legislature established the same rule, for future cases. *St.* 1862, *c.* 115.

Carroll *v.* Rogers & another.

thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, it appeared that the plaintiff resided in the county of Suffolk, and Rogers in the county of Middlesex, where the arrest was made ; that, on the 20th of February 1861, Rogers was surrendered by his surety to the keeper of the jail in Cambridge, in the county of Middlesex, and on the same day applied to a magistrate of that county to take the oath for the relief of poor debtors ; that a notice was accordingly issued, fixing that day at seven o'clock in the evening, and the magistrate's office in Cambridge, as the time and place therefor, which was served at two minutes before three o'clock, in the county of Suffolk, upon the plaintiff's attorney, whose usual place of business was there, and within two miles of the magistrate's office in Cambridge, but whose residence was in the county of Middlesex, at a distance of eight miles from the magistrate's office ; that, after an adjournment, there being no appearance in behalf of the creditor, the oath was administered, and Rogers discharged.

On these facts, judgment was ordered for the defendants, and the plaintiff appealed to this court.

*W. A. Richardson,* for the plaintiff.

*J. P. Converse,* for the defendants.

DEWEY, J. It is no valid objection to the notice given in the present case, that it was served in a county other than that in which the arrest was made. The attorney of the creditor was the proper person to serve the notice upon. Gen. Sts. *c.* 124, § 13. The place of residence of the attorney was in Middlesex, but his place of business was in Boston ; and a personal service upon him might properly be made in Boston. The time which is allowed for travel in such cases is to be computed from the place where the personal service was made.

The notice was therefore duly given, and the surrender on the twentieth day of February was in due time. See *Thacher* v. *Williams,* 14 Gray, 324; *Plummer* v. *Odiorne,* 8 Gray, 246.

*Judgment for the defendants.*